IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD EDWARD PYLES, JR., | * | |
| *Pro se* Plaintiff, | * | Civil Action No.: RDB 06-3254 |
| v. | * | |
| BROWN & WILLIAMSON HOLDINGS, INC. | * | |
| | * | |
| and | | |
| | * | |
| PHILIP MORRIS INC., USA, | | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>MEMORANDUM OPINION</u>

Proceeding in proper person, Plaintiff Ronald Edward Pyles, Jr., ("Plaintiff or "Pyles") filed the instant lawsuit against Defendants Brown & Williamson Holdings, Inc. ("Brown & Williamson") and Philip Morris Inc., USA ("Philip Morris") (collectively, "Defendants") alleging that they fraudulently misrepresented the addictiveness of their tobacco products. Plaintiff seeks damages for the mental anguish and pain he suffered as a result of his own use of the Defendants' tobacco products and for the wrongful death of his mother, grandfather and grandmother who also used tobacco products produced by Brown & Williamson. Pending before this Court are the Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Plaintiff failed to meet the pleading requirements under Rules 8(a), 9(b), and 10(b) of the Federal Rules of Civil Procedure and Maryland law. Defendants also argue that Plaintiff failed to comply with the service requirements prescribed in Rule 4(h)(1) of the Federal Rules of Civil Procedure and Rule 2-121(a) of the Maryland Court Rules. As to Plaintiff's wrongful death claims, Defendants

contend that the claims are time-barred and that Plaintiff is not a statutory beneficiary entitled to bring such claims. This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Defendants' Motions to Dismiss are GRANTED.

## BACKGROUND

Plaintiff Ronald Edward Pyles began smoking Marlboro cigarettes, a Philip Morris product, and Kool cigarettes, a Williamson & Brown product, in 1967. (Pl.'s Resp. ¶ 1.)[1] Due to the allegedly fraudulent misrepresentations of the Defendants that "light" brand cigarettes were less addictive than regular cigarettes, he chose to switch to Marlboro Lights and Kool Lights, rather than attempting to quit smoking altogether. (*Id*. ¶¶ 3-4.) He smoked Marlboro Lights for over fifteen years and became physically and psychologically addicted to tobacco. (Compl. ¶ 2.) As a result of his smoking, Pyles alleges that he suffered "chronic cough and wheezing," "shortness of breath," "addictive cravings" daily, "depression due [his] addictive cravings and [his] inability to satisfy them," and diabetes mellitus as a result of "substituting 'junk' foods in place of tobacco products." (Pl.'s Resp. ¶ 6.)

Plaintiff also claims that he has suffered "mental anguish, pain and duress" due to the loss of his relatives. (Compl. ¶ 2.) Pyles's mother smoked "Kool" brand cigarettes and died of lung cancer in 1974. (*Id.*) His grandfather smoked "Raleigh" brand cigarettes and died of emphysema and cancer in 1989. (*Id.*) His grandmother smoked "Pall Mall" brand cigarettes and died of cancer in 2002. (*Id.*)

---

[1] Plaintiff submitted a "Statement of Affirmation" on March 29, 2007 (Paper No. 16). This Court will interpret this to be Plaintiff's response to Defendants' Motions to Dismiss.

Plaintiff filed suits against Brown & Williamson and Philip Morris on May 5, 2005, in this Court, seeking $2,000,000 in damages for signs of physical illness caused by the prolonged use of tobacco produced by the Defendants and for mental anguish, pain and duress suffered due to the loss of his relatives. (*See Pyles v. Philip Morris, Inc.*, RDB-05-1273, and *Pyles v. Brown and Williamson*, RDB-05-1307). This Court granted Brown & Williamson's and Philip Morris's Motions to Dismiss on December 5, 2005, due to Pyles's failure to state a claim and the fact that his wrongful death claims were time-barred.

Plaintiff filed the current suit on November 30, 2006 against Philip Morris, Inc., USA and Brown & Williamson Corp. again seeking $2,000,000 in damages. The current suit alleges virtually identical facts and claims as the suit on May 5, 2005. Philip Morris filed a Motion to Dismiss on February 20, 2007 (Paper No. 11) and Brown & Williamson filed a Motion to Dismiss on February 21, 2007 (Paper No. 13). Both Defendants raise similar arguments that Pyles failed to properly serve the Defendants, failed to comply with the pleading requirements set forth in Rule 8(a), 9(b), and 10(b)[2] of the Federal Rules of Civil Procedure, that he is time-barred from seeking damages for the alleged wrongful deaths of his mother, grandmother and grandfather, and that he is not a statutory beneficiary of his grandparents and therefore is not entitled to bring such claims.

---

[2] Rule 10(b) provides that statements in a complaint "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances. . . ." Pyles filled out and filed a form complaint which is essentially organized by numbered paragraphs for each component of the complaint, *i.e.*, jurisdiction, statement of facts, etc. Even though each specific fact he alleges in the narrative portion is not divided into separate paragraphs, the Complaint satisfies the requirements of Rule 10(b).

STANDARD OF REVIEW

Defendants Brown & Williamson and Philip Morris seek to dismiss Plaintiff's action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).  "The court need not . . . accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).  In

addition, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

## DISCUSSION

Defendants Philip Morris and Brown & Williamson contend that Pyles' Complaint fails to state any theories for relief or provide basic facts that would support a fraud claim and that his wrongful death claims are time-barred.[3]

A.   Fraud Claim

First, Defendants argue that Pyles has failed to state a claim for fraud because he did not plead the facts with sufficient particularity. (Philip Morris's Mem. Supp. Mot. Dismiss 4-7; Brown & Williamson Mem. Supp. Mot. Dismiss 5-8). Under Rule 8(a) of the Federal Rules of Civil Procedure, all claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although only a simplified pleading standard need be met for a complaint to survive a motion to dismiss, "principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The complaint must "give the defendant fair

---

[3] Defendants raise two additional arguments in support of their Motions to Dismiss. First, they contend that the Complaint should be dismissed because Pyles failed to properly serve them. Specifically, they allege that he did not comply with the service requirements set forth in the Rule 4(h)(1) of the Federal Rules of Civil Procedure, which governs service on a corporation by mail, and Rule 2-121(a) of the Maryland Rules, which requires "Restricted Delivery." (Philip Morris's Mem. Supp. Mot. Dismiss 2; Brown & Williamson Mem. Supp. Mot. Dismiss 3-4.) This Court finds these grounds insufficient to dismiss the Complaint of the *pro se* Plaintiff, especially in light of his incarceration. Second, Defendants argue that since Pyles is not the statutory beneficiary of his grandparents, he is not entitled to recover damages for their alleged wrongful deaths. (Philip Morris's Mem. Supp. Mot. Dismiss 8; Brown & Williamson Mem. Supp. Mot. Dismiss 10.) However, it is unnecessary to reach this argument, because this Court finds that there are alternate grounds to dismiss all of the wrongful death claims, as discussed *infra*.

notice of what the plaintiff's claim is and the grounds upon which it rests." *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 252 (4th Cir. 2005) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Furthermore, in cases of fraud, plaintiffs carry a heavy burden of alleging fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  As such, "a presumption always exists in favor of innocence and honesty in a given transaction and the burden is upon one who alleges fraud to prove it by clear and distinct evidence." *Banca Cremi, S.A. v. Alex. Brown & Sons, Inc.*, 132 F.3d 1017, 1036 (4th Cir. 1997) (quoting *White v. Nat'l Steel Corp.*, 938 F.2d 474, 490 (4th Cir. 1991)).

     Plaintiff in this case has not met this burden.  He simply alleges that Defendants knowingly made false statements with the intention to promote the sales of their products. (Compl. ¶ 2.)  The Complaint lacks any statements of fact to support this claim and therefore gives the Defendants no notice of the grounds upon which his claim rests.  In Pyles' response to Defendants' Motions to Dismiss, he adds that the Defendants made statements "regarding the health hazards inherent in use of their 'light' brand products [which were] false" and "such statements were known to be false by defendants, but were made regardless to promote the sale and use of their "light" brand products."  (Pl.'s Resp. ¶¶ 3-4.)  However, Plaintiff still has not alleged any facts concerning the time period during which he used Defendants' products, the Defendants' knowledge of the addictiveness of their "light" cigarettes, and their intent to mislead consumers.  Even if this Court were to consider the additional facts set forth in the Plaintiff's response, Pyles still fails to meet the general and heightened pleading requirements set forth in Rules 8(a) and (9b) of the Federal Rules of Civil Procedure.  Accordingly, the claim asserted by Plaintiff based on his use of Brown & Williamson's and Philip Morris' products must once again

be dismissed.

  B. <u>Wrongful Death Claim</u>

  Defendants contend that Plaintiff's claims stemming from the alleged wrongful deaths of his mother, grandfather, and grandmother are time-barred. (Philip Morris's Mem. Supp. Mot. Dismiss 7-8; Brown & Williamson Mem. Supp. Mot. Dismiss 9.) Maryland's wrongful death statute requires that such an action be filed within three years. Md. Code Ann., Cts. & Jud. Proc. § 3-904(g)(1) (LexisNexis 2006). The Complaint states that Pyles's mother died in 1974, his grandmother died in 2002, and his grandfather died in 1989. (Compl. ¶ 2.) Plaintiff filed his Complaint on November 30, 2006, and, therefore, any wrongful death claims resulting from the death of Plaintiff's mother, grandfather, and grandmother are time-barred and must be dismissed.

## CONCLUSION

  For the reasons stated above, Defendants' Motions to Dismiss are GRANTED. A separate Order will follow dismissing this case with prejudice.[4]


Dated: June 18, 2007           /s/ _____
                       Richard D. Bennett
                       United States District Judge

---

[4] Under *Carter v. Norfolk Community Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985), "[a] district court's dismissal under Rule 12(b)(6) is . . . with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." When the Defendants moved to dismiss Plaintiff's 2005 complaint, this Court dismissed his claims *without prejudice*, leaving him the opportunity to restate his complaint at a later time. In the case at bar, this Court finds that Plaintiff still fails to properly state any theories for relief or provide basic facts that would support a claim in either his Complaint or his response to Defendants' Motions to Dismiss. Since ample opportunity has been given to the *pro se* Plaintiff to properly state his claim, the Court now dismisses his claims with prejudice.